**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
E-mail: dalekgalipo@yahoo.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333; Fax: (818) 347-4118

**LAW OFFICE OF SHARON J. BRUNNER**
Sharon J. Brunner, Esq. (SBN 229931)
Email: sharonjbrunner@yahoo.com
14393 Park Avenue, Suite 100
Victorville, CA 92392
Tel: (760) 243-9997; Fax: (760) 843-8155

**LAW OFFICE OF JAMES S. TERRELL**
James S. Terrell, Esq. (SBN 170409)
Email: jim@talktoterrell.com
15411 Anacapa Road
Victorville, CA 92392
Tel: (760) 951-5850; Fax: (760) 952-1085

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GERARDO VASQUEZ,<br><br>     Plaintiff,<br><br> vs.<br><br>COUNTY OF SAN BERNARDINO;<br>and DOES 1-10, inclusive,<br><br>     Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br>1. Fourth Amendment—Detention and Arrest (42 U.S.C. § 1983)<br>2. Fourth Amendment—Excessive Force (42 U.S.C. § 1983)<br>3. Fourth Amendment—Denial of Medical Care (42 U.S.C. § 1983)<br>4. Fourteenth Amendment—Deliberate Indifference to Substantial Risk of Serious Harm (42 U.S.C. § 1983)<br>5. Fourteenth Amendment—Deliberate Indifference to Serious Medical Needs (42 U.S.C. § 1983)<br>6. Violation of the Americans with Disabilities Act (42 U.S.C § 12101)<br>7. Municipal Liability—Ratification (42 U.S.C. § 1983)<br>8. Municipal Liability—Inadequate Training (42 U.S.C. § 1983) |

COMPLAINT FOR DAMAGES

9. Municipal Liability—Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)
10. Battery
11. Negligence
12. Violation of Cal. Civil Code §§51, 51.7
13. Violation of Cal. Civil Code § 52.1

**DEMAND FOR JURY TRIAL**

-1-
COMPLAINT FOR DAMAGES

## COMPLAINT FOR DAMAGES

GERARDO VASQUEZ for his Complaint against Defendants COUNTY of San Bernardino and DOES 1-10, inclusive, and alleges as follows:

### JURISDICTION AND VENUE

1. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

### INTRODUCTION

3. This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the officer-involved use of excessive force against Plaintiff Gerardo Vasquez on January 26, 2018.

### PARTIES

4. At all relevant times, Plaintiff GERARDO VASQUEZ ("PLAINTIFF") is an individual residing in the City of San Bernardino, County of San Bernardino, California.

5. At all relevant times, Defendant COUNTY OF SAN BERNARDINO ("COUNTY") is and was a municipal corporation existing under the laws of the State of California. COUNTY is a chartered subdivision of the State of California with the capacity to be sued. COUNTY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies,

-2-
COMPLAINT FOR DAMAGES

including the San Bernardino Sheriff's Department ("SBSD") and its agents and employees.  At all relevant times, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the COUNTY and its employees and agents complied with the laws of the United States and of the State of California.  At all relevant times, COUNTY was the employer of Defendants DOES 1-10.

6.     At all relevant times, Defendants DOES 1-5 ("DOE DEPUTIES") are sheriff's deputies for the SBSD who were acting under color of law within the course and scope of their duties as DEPUTIES for the SBSD.  DOES 1-5 were acting with the complete authority and ratification of their principal, Defendant COUNTY.

7.     At all relevant times, Defendants DOES 6-10 are managerial, supervisorial, and policymaking employees of the SBSD, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the SBSD.  DOES 6-10 were acting with the complete authority and ratification of their principal, Defendant COUNTY.

8.     On information and belief, DOES 1-10 were residents of the City of San Bernardino, County of San Bernardino, California.

9.     In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 1-5 acting on the implied and actual permission and consent of Defendants SBSD and DOES 6-10.

10.    The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 1-10, inclusive, are unknown to Plaintiff, who otherwise sues these Defendants by such fictitious names.  Plaintiff will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained.  Each of the fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

11. At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

12. All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified all of the acts complained of herein.

13. DOES 1-10 are sued in their individual capacity.

14. On or around February 15, 2018, PLAINTIFF filed a comprehensive and timely claim for damages with the County of San Bernardino in substantial compliance with §910 of the California Government Code

15. On or around February 21, 2018, the County of San Bernardino rejected said claim.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

16. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 15 of this Complaint with the same force and effect as if fully set forth herein.

17. On January 26, 2018, at approximately 1:00 a.m. in the City of San Bernardino, DOE DEPUTIES detained PLAINTIFF without reasonable suspicion and arrested PLAINTIFF without probable cause. PLAINTIFF was walking in the area of Highland Avenue and Cedar Street when he was detained by DOE DEPUTIES. DOE DEPUTIES had not received a call for service or observed PLAINTIFF commit a crime, DOE DEPUTIES did not reasonably perceive that a crime was about to be committed by PLAINTIFF, and PLAINTIFF had not committed a crime at the time DOE DEPUTIES detained and arrested him.

18. On information and belief, DOE DEPUTIES took PLAINTIFF to the ground and placed PLAINTIFF on his stomach. DOE DEPUTIES then punched PLAINTIFF several times in the face and head and handcuffed PLAINTIFF behind his back.

19. After PLAINTIFF had already been placed in handcuffs, DOE DEPUTIES kicked PLAINTIFF several times in the face and head and at one point forcefully stomped on PLAINTIFF's head while PLAINTIFF was still lying on his stomach on the ground with his hands in handcuffs behind his back.

20. PLAINITFF had a mental disability. On information and belief, DOE DEPUTIES perceived PLAINTIFF's mental disability and recognized PLAINTIFF to be in medical distress.

21. On information and belief, after DOE DEPUTIES had severely beaten PLAINTIFF, DOE DEPUTIES intentionally delayed providing PLAINTIFF with medical care, despite having actual and constructive notice and knowledge of PLAINTIFF's serious injuries and his need for immediate medical care. This delay in providing medical care contributed to PLAINTIFF's injuries.

22. At all relevant times, PLAINTIFF was unarmed did not pose an immediate threat of death or serious bodily injury to any person, including DOE DEPUTIES. PLAINTIFF did not verbally threaten or otherwise attempt to punch, kick, or grab any DOE DEPUTIES.

23. PLAINTIFF was taken to jail after the incident. While in jail PLAINTIFF was forcibly raped by another cellmate. On information and belief, the cellmate was known to have propensities to commit such acts.

24. Defendants DOE DEPUTIES knew or should have known of the cellmate's condition and violent propensities. Defendants DOE DEPUTIES housed PLAINTIFF in the same cell as the cellmate, despite having actual and constructive knowledge that the cellmate and PLAINTIFF should not have been housed together

-5-
COMPLAINT FOR DAMAGES

due to PLAINTIFF's vulnerability and the cellmate's violent propensities against other cellmates.

25.    As a result of DOE DEPUTIES' wrongful detention and arrest, use of excessive force, failure to provide PLAINTIFF with appropriate medical care, and negligent handling of the incident, PLAINTIFF sustained substantial physical, financial, and emotional injuries, including loss of earnings, incurrence of past and future medical bills, severe pain and suffering, mental anguish, humiliation, and mental distress.

## FIRST CLAIM FOR RELIEF

### Fourth Amendment—Detention and Arrest (42 U.S.C. § 1983)

(Against Defendants DOE DEPUTIES)

26.    PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 25 of this Complaint with the same force and effect as if fully set forth herein.

27.    Defendants DOE DEPUTIES had no objectively reasonable or specifically articulable factual basis to suspect that PLAINTIFF was involved in the commission of any crime, nor did Defendants DOE DEPUTIES have any confirmation that PLAINTIFF had committed any crime, posed any threat to anyone, and did not see PLAINTIFF in possession of any illegal objects, contraband, or weapons.

28.    Defendants DOE DEPUTIES detained PLAINTIFF without reasonable suspicion and arrested him without probable cause. The scope and manner of Defendants DOE DEPUTIES' detention and arrest of PLAINTIFF was unreasonable.

29.    The conduct of Defendants DOE DEPUTIES violated PLAINTIFF's right to be secure in his person against unreasonable searches and seizures as

guaranteed to PLAINTIFF under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

30. As a result of the foregoing, PLAINTIFF suffered great physical pain, mental anguish, humiliation, loss of earnings, and emotional distress.

31. The conduct of Defendants DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE DEPUTIES.

32. As a result of their misconduct, Defendants DOE DEPUTIES are liable for PLAINTIFF's injuries, either because they were integral participants in the use of wrongful detention and arrest, or because they failed to intervene to prevent these violations.

33. Accordingly, Defendants DOE DEPUTIES are liable to PLAINTIFF for compensatory and punitive damages under 42 U.S.C. § 1983. PLAINTIFF also seeks attorneys' fees under this claim.

## SECOND CLAIM FOR RELIEF

### Fourth Amendment —Excessive Force (42 U.S.C. § 1983)

(Against Defendants DOE DEPUTIES)

34. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 31 of this Complaint with the same force and effect as if fully set forth herein.

35. Defendants DOE DEPUTIES used excessive force against PLAINTIFF when they punched and kicked him several times in the face and head and forcefully stomped on his head. Defendants DOE DEPUTIES' unjustified use of force deprived PLAINTIFF of his right to be secure in his person against unreasonable searches and seizures as guaranteed to PLAINTIFF under the Fourth Amendment to

-7-
COMPLAINT FOR DAMAGES

the United States Constitution and applied to state actors by the Fourteenth Amendment.

36. As a result of the foregoing, PLAINTIFF suffered great physical pain, mental anguish, humiliation, loss of earnings, and emotional distress.

37. The conduct of Defendants DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF, and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE DEPUTIES.

38. The beating was excessive and unreasonable, and PLAINTIFF posed no immediate threat of death or serious bodily injury at the time of the beating. Further, Defendants DOE DEPUTIES' use of force violated their training and standard police officer training.

39. As a result of their misconduct, Defendants DOE DEPUTIES are liable for PLAINTIFF's injuries, either because they were integral participants in the use of excessive force, or because they failed to intervene to prevent these violations.

40. Accordingly, Defendants DOE DEPUTIES are liable to PLAINTIFF for compensatory and punitive damages under 42 U.S.C. § 1983. PLAINTIFF also seeks attorneys' fees under this claim.

## THIRD CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

(Against Defendants DOE DEPUTIES)

41. PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 38 of this Complaint with the same force and effect as if fully set forth herein.

42. The denial of medical care by Defendants DOE DEPUTIES deprived PLAINTIFF of his right to be secure in his person against unreasonable searches

and seizures as guaranteed to PLAINTIFF under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

43.    Defendants DOE DEPUTIES knew that failure to provide timely medical treatment to PLAINTIFF could result in further significant injury or unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing PLAINTIFF great bodily harm.

44.    As a result of the foregoing, PLAINTIFF suffered great physical pain, mental anguish, humiliation, loss of earnings, and emotional distress.

45.    The conduct of Defendants DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE DEPUTIES.

46.    As a result of their misconduct, Defendants DOE DEPUTIES are liable for PLAINTIFF's injuries, either because they were integral participants in the wrongful detention and arrest and use of excessive force, or because they failed to intervene to prevent these violations.

47.    Accordingly, Defendants DOE DEPUTIES are liable to PLAINTIFF for compensatory and punitive damages under 42 U.S.C. § 1983. PLAINTIFF also seeks attorneys' fees under this claim.

## FOURTH CLAIM FOR RELIEF

**Fourteenth Amendment—Deliberate Indifference to Substantial Risk of Serious Harm (42 U.S.C. § 1983)**

(Against All Defendants)

48.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 47 of this Complaint with the same force and effect as if fully set forth herein.

49.    PLAINTIFF was exposed to an excessive risk of harm to his safety when Defendants engaged in the following acts and/or omissions that included, but were not limited to:

a.  Defendants placed PLAINTIFF in a jail cell with a known violent cellmate;

b.  Defendants failed to implement security measures and/or other policies, procedures and training programs to protect PLAINTIFF from other cellmates who would foreseeably prey on him because of his mental disability;

c.  Defendants failed to properly screen cellmates including but not limited to PLAINTIFF for issues including but not limited to mental disabilities and violent histories in order to determine proper housing assignments;

d.  Defendants failed to properly classify PLAINTIFF and other cellmates for the purpose of housing assignments, security needs, medical needs, and disabilities;

e.  Defendants failed to place PLAINTIFF in a single man cell;

f.  Defendants failed to ensure that SBSD sheriff's deputies were properly trained to screen cellmates for the purpose of making appropriate housing assignments;

g.  Defendants failed to change their policies and procedures for making housing assignments, and training about those policies and procedures, notwithstanding the fact they knew the existing policies, procedures, and/or training were inadequate in light of the aforementioned violent incident between cellmates that occurred 30 days prior to PLAINTIFF's arrival at the county jail and possibly other violent incidents between cellmates;

h.  Defendants failed to properly monitor PLAINTIFF to ensure his safety

-10-
COMPLAINT FOR DAMAGES

during his stay at the county jail;

i. Defendants failed to implement and/or enforce existing policies, procedures and/or training programs that would have prevented the violent incident between PLAINTIFF and his cellmate had such policies, procedures and/or training programs in existence at that time been implemented and/or enforced.

j. Employing, retaining, failing to adequately supervise, failing to discipline, failing to train, and/or failing to discharge personnel at the county jail who were incompetent or otherwise inadequate for the tasks of ensuring PLAINTIFF's safety, making proper housing assignments, monitoring PLAINTIFF's safety, protecting PLAINTIFF from violent cellmates and/or other inmates, and who engaged in the aforementioned acts and/or omissions that led to PLAINTIFF's rape;

k. failing to provide PLAINTIFF access to medical staff trained to meet the needs associated with PLAINTIFF's mental disability, and to ensure that such staff actually met PLAINTIFF's needs;

l. failing to provide security and/or monitoring measures to meet the needs associated with PLAINTIFF's mental disability.

m. using malfunctioning microphones and speakers and other monitoring equipment;

n. using untrained staff to make serious housing classification decisions;

o. employing individual officers and directors who were both subjectively and objectively deliberately indifferent to PLAINTIFF  and other inmates;

p. failing to monitor, inspect, and/or examine cellmates for signs of injuries related to sexual and physical abuse and violence;

50.    Defendants had actual or constructive knowledge of the excessive risk of harm to PLAINTIFF's safety when they engaged in the aforementioned acts

-11-
COMPLAINT FOR DAMAGES

and/or omissions, which created dangerous conditions, not related to any legitimate penal purpose, likely to cause, and which did actually cause PLAINTIFF serious bodily injury.

51. Despite having actual or constructive knowledge of the excessive risk of harm to PLAINTIFF's safety, Defendants consciously disregarded PLAINTIFF's safety when they engaged in the aforementioned acts and/or omissions, including but not limited to housing PLAINTIFF in the same cell as a known sexually violent cellmate, not providing PLAINTIFF or his cellmate with a one man cell, not providing PLAINTIFF with additional security and/or monitoring to ensure his safety from violent inmates, and failing to transfer PLAINTIFF or cause PLAINTIFF to be transferred to another facility permanently that could better accommodate the needs associated with his mental disability and susceptibility to violence from other cellmates.

52. Accordingly, Defendants were deliberately indifferent to the sexual assault against PLAINTIFF by his cellmate.

53. The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF and PLAINTIFF and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

54. Accordingly, Defendants are liable to PLAINTIFF for compensatory and punitive damages under 42 U.S.C. § 1983. PLAINTIFF also seeks attorneys' fees under this claim.

//
//
//
//
//
//

-12-
COMPLAINT FOR DAMAGES

# FIFTH CLAIM FOR RELIEF

**Fourteenth Amendment—Deliberate Indifference to Serious Medical Needs (42 U.S.C. § 1983)**

(Against All Defendants)

55.    PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 54 of this Complaint with the same force and effect as if fully set forth herein.

56.    PLAINTIFF faced a serious medical need when he was placed in a general population jail cell with a violent cellmate despite PLAINTIFF's mental disabilities.

57.    Specifically, PLAINTIFF had the following serious medical conditions:

a. The first serious medical condition was his mental disability that rendered him, among other things, unable to fully comprehend the threat to his safety presented by being housed with his cellmate or any other known violent criminal, the need to communicate to county jail staff his concerns about the threat his cellmate posed to his safety, and the need to communicate his mental disability to county jail staff. PLAINTIFF's needs and other necessary accommodations arising from that serious medical condition included being housed with non-violent offenders, or being housed in a single cell, or being permanently transferred to a facility that could accommodate those needs.

b. The second serious medical condition was PLAINTIFF's physical injuries inflicted upon him by DOE OFFICERS. PLAINTIFF's needs and other necessary accommodations arising from that serious medical condition included being housed with non-violent offenders, or being housed in a single cell, being monitored or otherwise provided with additional security measures to prevent further injuries from violence by cellmates, or being permanently transferred to a facility that could

-13-

accommodate those needs.

58.    Defendants had knowledge of PLAINTIFF's serious medical need when they placed PLAINTIFF in a general population jail cell despite PLAINTIFF's mental disabilities and physical injuries.  Defendants also had knowledge of PLAINTIFF's cellmates' criminal history and violent propensities.

59.    Despite having knowledge of PLAINTIFF's serious medical need, Defendants consciously disregarded PLAINTIFF's serious medical need when they engaged in acts and/or omissions that included but were not limited to the following:

a.  Defendants placed PLAINTIFF in a general population jail cell with his cellmate who subsequently raped him;

b.  Defendants failed to implement security measures and/or other policies, procedures and training programs to protect PLAINTIFF from other cellmates who would foreseeably prey on him because of his mental disability and physical injuries;

c.  Defendants failed to properly screen cellmates including but not limited to PLAINTIFF and his cellmate for issues including but not limited to mental disabilities and violent histories in order to determine proper housing assignments;

d.  Defendants failed to properly classify PLAINTIFF for the purpose of housing assignments, security needs, medical needs, and disabilities;

e.  Defendants failed to place PLAINTIFF in a single man cell;

f.  Defendants failed to ensure county jail employees were properly trained to screen inmates for the purpose of making appropriate housing assignments;

g.  Defendants failed to properly monitor PLAINTIFF to ensure his safety during his stay at the county jail;

h.  Defendants failed to implement and/or enforce existing policies, procedures and/or training programs that would have prevented the

-14-

violent incident between PLAINTIFF and his cellmate had such policies, procedures and/or training programs in existence at that time been implemented and/or enforced;

i. Employing, retaining, failing to adequately supervise, failing to discipline, failing to train, and/or failing to discharge personnel at the county jail who were incompetent or otherwise inadequate for the tasks of ensuring PLAINTIFF's safety, making proper housing assignments, monitoring PLAINTIFF's safety, and protecting PLAINTIFF from violent cellmates;

l. Failing to provide PLAINTIFF access to medical staff trained to meet the needs associated with PLAINTIFF's mental disability, and to ensure that such staff actually met PLAINTIFF's needs;

m. Failing to provide security and/or monitoring measures to meet the needs associated with PLAINTIFF's mental disability.

n. Failing to review, change, and/or enforce existing policies, practices and training programs in response to the prior incidents of violence that occurred before PLAINTIFF's arrival, and failing to identify, retrain, discipline, or discharge the personnel working at the county jail when those incidents occurred to prevent such incidents from recurring;

o. Failing to implement, change and enforce policies, practices and training programs pertaining to monitoring cells for cellmates with serious medical needs;

p. Using malfunctioning microphone and speakers and other monitoring equipment;

q. Using untrained staff to make serious housing classification decisions

r. Employing individual officers and directors who were both subjectively and objectively deliberately indifferent to PLAINTIFF and other cellmates;

-15-
COMPLAINT FOR DAMAGES

    s.  Failing to monitor, inspect, and/or examine cellmates for signs of injuries related to physical abuse and violence;

    t.  Failing to take action to stop further physical abuse and violence once injuries related to physical abuse and violence are present and visible without the need for close inspection or examination; and

    u.  Failing to provide routine inspections of cells to ensure that there were no cellmates being violently assaulted.

60. Accordingly, Defendants were deliberately indifferent to PLAINTIFF's serious medical needs.

61. The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

62. Accordingly, Defendants are liable to PLAINTIFF for compensatory and punitive damages under 42 U.S.C. § 1983. PLAINTIFF also seeks attorneys' fees under this claim.

### SIXTH CLAIM FOR RELIEF

**(Violation of Title II of the Americans with Disabilities Act (42 U.S.C. § 12132)**

(Against All Defendants)

63. PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 62 of this Complaint with the same force and effect as if fully set forth herein.

64. Plaintiffs allege as a claim for relief that Defendants DOE OFFICERS and COUNTY, in violation of the Americans with Disabilities Act ("ADA"), failed to provide DECEDENT with any reasonable accommodation to his qualifying disability during their interactions with PLAINTIFF.

65. As providers of governmental services, the County of San Bernardino had a duty to comply with Title II of the ADA prohibiting discrimination against

-16-
COMPLAINT FOR DAMAGES

persons with disabilities, a history of having disabilities or who are perceived to have a disability. PLAINTIFF had a mental disability and DOE OFFICERS perceived PLAINTIFF to have a mental disability.

66.    The ADA prohibits public entities from discriminating against the disabled, and from excluding the disabled from participating in or benefitting from a public program, activity, or service solely by reason of a disability.

67.    PLAINTIFF alleges three types of claims under Title II of the ADA: (1) a wrongful arrest claim, whereas Defendants arrested PLAINTIFF based on his disability, not for any criminal activity; (2) a failure to provide reasonable accommodations, whereas Defendants failed to reasonably accommodate PLAINTIFF's disability during the investigation, arrest, and subsequent detention in county jail causing him to suffer greater injury and indignity than other arrestees; and (3) COUNTY'S failure to train its agents and employees to recognize, aid, and accommodate persons with disabilities, causing PLAINTIFF to suffer mental and emotional pain, and physical injuries.

68.    Defendant COUNTY is a public entity, and is therefore liable for violations of the ADA.

69.    PLAINTIFF suffered from mental disabilities.  PLAINTIFF is a qualified individual with a disability under the ADA.  PLAINTIFF's conduct demonstrated his disabilities.

70.    Because of PLAINTIFF's apparent mental disability and information known to Defendants at the time, Defendants knew or should have known that DECEDENT suffered from mental disabilities.

71.    PLAINTIFF was wrongfully arrested because of his disability. PLAINITFF's actions were not unlawful, should not have been perceived as such, but were due to his disabilities.

72.    During PLAINTIFF's arrest, he was beaten and restrained as he screamed for help, which is indicative of abuse, violence, discrimination, a failure to

-17-

accommodate, and injury that could reasonably be expected to cause PLAINTIFF greater indignity than other arrestees.

73. Defendants failed to de-escalate the situation, failed to communicate with PLAINTIFF properly, failed to provide PLAINTIFF space, time, and reassurance. Defendants' actions are indicative of their failure to provide PLAINTIFF with reasonable accommodation for his disabilities.

74. The ADA also requires public entities to be trained on disability, to include, but not limited to, how to recognize and aid people having a disability.

75. Defendants were not adequately trained on disability, which caused PLAINTIFF'S emotional distress and physical injuries.

76. The Defendants misperceived the effect of PLAINTIFF's apparent disability as illegal conduct and therefore wrongfully detained and arrested him. Defendants failed to recognize and aid PLAINTIFF, who suffered from a disability. The aforementioned caused PLAINTIFF's emotional distress and physical injuries.

77. Defendants failed to properly investigate and interact with PLAINTIFF in a manner that reasonably accommodated his disabilities.

78. Because of the above, PLAINTIFF was excluded from and/or denied of benefits, as well as discriminated against by reason of the PLAINTIFF's disability. PLAINTIFF alleges that this was a result of Defendant's failure to train its deputies on disability.

79. As a direct and proximate result of the Defendants' violation of the ADA as set forth above, PLAINTIFF incurred substantial emotional and physical harm.

80. The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF and PLAINTIFF and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

81. Accordingly, Defendants are liable to PLAINTIFF for compensatory and punitive damages under 42 U.S.C. § 1983. PLAINTIFF also seeks attorneys' fees under this claim.

### SEVENTH CLAIM FOR RELIEF

**Municipal Liability – Ratification (42 U.S.C. § 1983)**

(Against All Defendants)

82. PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 82 of this Complaint with the same force and effect as if fully set forth herein.

83. Defendants DOE DEPUTIES acted under color of law;

84. The acts of Defendants DOE DEPUTIES deprived PLAINTIFF of his particular rights under the United States Constitution.

85. A final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Defendants DOE DEPUTIES, ratified Defendants DOE DEPUTIES' acts and the bases for them. The final policymaker knew of and specifically approved of Defendants DOE DEPUTIES' acts.

86. Upon information and belief, a final policymaker has determined that the acts of Defendants DOE DEPUTIES were "within policy."

87. By reason of the aforementioned acts and omissions, PLAINTIFF has suffered great physical pain, mental anguish, humiliation, loss of earnings, and emotional distress.

88. Accordingly, Defendants are liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983. PLAINTIFF also seeks attorneys' fees under this claim.

**EIGHTH CLAIM FOR RELIEF**

**Municipal Liability – Failure to Train (42 U.S.C. § 1983)**

(Against All Defendants)

89.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 88 of this Complaint with the same force and effect as if fully set forth herein.

90.    Defendants DOE DEPUTIES acted under color of law;

91.    The acts of Defendants DOE DEPUTIES deprived PLAINTIFF of his particular rights under the United States Constitution.

92.    The training policies of Defendant COUNTY were not adequate to train its DEPUTIES to handle the usual and recurring situations with which they must deal.  Nor were they adequate to train the DEPUTIES to properly use nonlethal and lethal force in the event that such force was warranted.

93.    Defendant COUNTY was deliberately indifferent to the obvious consequences of its failure to train its DEPUTIES adequately.

94.    The failure of Defendant COUNTY to provide adequate training, including training with regards to detentions and use of force caused the deprivation of PLAINTIFF's and PLAINTIFF's rights by Defendants DOE DEPUTIES; that is, Defendants' failure to train is so closely related to the deprivation of the PLAINTIFF's and PLAINTIFF's rights as to be the moving force that caused the ultimate injury.

95.    On information and belief, COUNTY failed to train Defendants DOE DEPUTIES properly and adequately.

96.    By reason of the aforementioned acts and omissions, PLAINTIFF was injured.

97.    Accordingly, Defendants are liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983. PLAINTIFF also seeks attorneys' fees under this claim.

-20-

COMPLAINT FOR DAMAGES

## NINTH CLAIM FOR RELIEF

**Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(Against All Defendants)

98.   Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 97 of this Complaint with the same force and effect as if fully set forth herein.

99.   Defendants DOE DEPUTIES acted under color of law;

100.   Defendants DOE DEPUTIES acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant COUNTY.

101.   On information and belief, Defendants DOE DEPUTIES were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with PLAINTIFF's injuries.

102.   Defendants COUNTY, DOE DEPUTIES, and DOES 6-10, together with other COUNTY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

      (a)   Using excessive force, including excessive deadly force;

      (b)   Providing inadequate training regarding the use of deadly force;

      (c)   Employing and retaining as police DEPUTIES individuals such as Defendants DOE DEPUTIES, who Defendant COUNTY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority, for using excessive force, for making erroneous housing placements of detainees and for mistreating detainees;

      (d)   Improperly classifying cellmates for the purpose of housing assignments and otherwise improperly assigning cellmates to other cellmates without regard to the medical needs, disabilities, and violent histories of such cellmates;

(e)     Failing to implement and enforce policies, procedures and training on how to classify mentally disabled cellmates such as PLAINTIFF for the purpose of identifying their disabilities, medical needs, housing needs, security needs, and to prevent them from being made victims of violence by other cellmates;

(f)     Failing to transfer cellmates such as PLAINTIFF with serious medical needs including mental disabilities, or failing to cause them to be transferred, to facilities that could accommodate their serious medical needs and personal safety;

(g)     Failing to assign inmates such as PLAINTIFF with mental disabilities to a single cell;

(h)     Failing to take measures to protect the personal safety of mentally disabled inmates such as PLAINTIFF who are susceptible to abuse, violence and death from violent inmates;

(i)     Inadequately supervising, training, controlling, assigning, and disciplining COUNTY DEPUTIES, and other personnel, including Defendants DOE DEPUTIES, who Defendant COUNTY knew or in the exercise of reasonable care should have known had the aforementioned propensies and character traits;

(j)     Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by COUNTY DEPUTIES, including Defendants DOE DEPUTIES;

(k)     Failing to adequately discipline COUNTY police DEPUTIES, including Defendants DOE DEPUTIES, for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the

-22-
COMPLAINT FOR DAMAGES

magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(l)   Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional;

(m)   Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the DEPUTIES involved;

(n)   Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings, including by failing to discipline, retrain, investigate, terminate, and recommend DEPUTIES for criminal prosecution who participate in unjustified shootings.

(o)   Failing to properly train police DEPUTIES to use nonlethal force and to maintain their equipment concerning nonlethal force.

103.   By reason of the aforementioned acts and omissions, PLAINTIFF was injured.

104.   Defendants COUNTY, DOE DEPUTIES, and DOES 6-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of PLAINTIFF and other individuals similarly situated.

105.   By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants DOE DEPUTIES and DOES 6-10 acted with intentional, reckless, and callous disregard for the life of PLAINTIFF and

-23-
COMPLAINT FOR DAMAGES

for PLAINTIFF's and PLAINTIFF's constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants COUNTY, DOE DEPUTIES, and DOES 6-10 were affirmatively linked to and were a significantly influential force behind the injuries of PLAINTIFF, including but not limited to Defendants DOE DEPUTIES' unreasonable detention of PLAINTIFF, use of excessive force, including deadly force, against PLAINTIFF, and deliberate indifference to any substantial risk of serious harm to PLAINTIFF's and PLAINTIFF's medical needs.

106. Accordingly, Defendants are liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983. PLAINTIFF also seeks attorneys' fees under this claim.

## TENTH CLAIM FOR RELIEF

### Battery

(Against All Defendants)

107. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 106 of this Complaint with the same force and effect as if fully set forth herein.

108. Defendants DOE DEPUTIES, while working as an officer for the SBSD, and acting within the course and scope of their duties, intentionally used unreasonable and excessive force against PLAINTIFF. As a result of the actions of Defendants DOE DEPUTIES, PLAINTIFF was injured. Defendants DOE DEPUTIES had no legal justification for using force against PLAINTIFF, and their use of force while carrying out their duties as police DEPUTIES was an unreasonable and non-privileged use of force.

109. As a direct and proximate result of the conduct of Defendants DOE DEPUTIES as alleged above, PLAINTIFF was injured.

110. COUNTY is vicariously liable for the wrongful acts of Defendants DOE DEPUTIES pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

111. The conduct of Defendants DOE DEPUTIES was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of PLAINTIFF, entitling PLAINTIFF to an award of exemplary and punitive damages as to Defendants DOE DEPUTIES.

112. Accordingly, Defendants are liable to PLAINTIFF for compensatory damages.

### ELEVENTH CLAIM FOR RELIEF

**Negligence**

(Against all Defendants)

113. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 112 of this Complaint with the same force and effect as if fully set forth herein.

114. Sheriff's deputies, including Defendants, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, only using deadly force as a last resort, and ensuring that an inmate is properly housed in an appropriate facility to accommodate his mental disability and to protect him from violent cell mates.

115. Defendants DOE DEPUTIES and DOES 6-10 breached this duty of care. Upon information and belief, the actions and inactions of Defendants DOE DEPUTIES and DOES 6-10 were negligent and reckless, including but not limited to:

-25-
COMPLAINT FOR DAMAGES

(a)  the failure to properly and adequately assess the need to detain, arrest, and use force against PLAINTIFF;

(b)  the negligent tactics and handling of the situation with PLAINTIFF;

(c)  the negligent detention, arrest, and use of force against PLAINTIFF;

(d)  the failure to provide prompt medical care to PLAINTIFF;

(e)  negligent housing placement of PLAINTIFF in a general population jail cell with a known violent detainee;

(e)  the failure to properly train and supervise employees, both professional and non-professional, including DOE DEPUTIES;

(f)  the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of PLAINTIFF;

(g)  the negligent handling of evidence and witnesses; and

(h)  the negligent communication of information during the incident.

116.  As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, PLAINTIFF was injured.  Also as a direct and proximate result of Defendants' conduct as alleged above, PLAINTIFF suffered emotional distress and mental anguish.

117.  COUNTY is vicariously liable for the wrongful acts of Defendants DOE DEPUTIES and DOES 6-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

118.  Accordingly, Defendants are liable to PLAINTIFF for compensatory damages.

-26-
COMPLAINT FOR DAMAGES

## TWELFTH CLAIM FOR RELIEF

### (Violation of Cal. Civil Code §§ 51, 51.7)

(Against All Defendants)

119. PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 118 of this Complaint with the same force and effect as if fully set forth herein.

120. Section 51 of the California Civil Code states in pertinent part:

> (b) All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.
> ***
> (f) A violation of the right of any individual under the federal Americans with Disabilities Act of 1990 (P.L. 101-336) shall also constitute a violation of this section.

121. PLAINTIFF had mental disabilities.

122. As a detainee at the county jail, PLAINTIFF was qualified to receive the benefits of Defendants' compliance with their obligations under 15 CCR 3269, the Fourteenth Amendment of the United States Constitution, other applicable Federal and State laws, and reasonable accommodations including proper classification and housing assignment, assignment to a cellmate who was not a violent offender, assignment to a single man cell, the provision of additional security, monitoring and/or other protective measures as necessary to ensure he did not fall victim to violent cellmates, and/or being transferred to a facility that could provide those or similar accommodations for his mental disability.

123. Defendants' violations of those obligations and failure to provide the

aforementioned reasonable accommodations deprived DECEDENT of housing that was free from abuse by other cellmates and otherwise reasonably safe.

124. California Civil Code § 51.7 declares that all persons have the right to be free from violence or intimidation because of their disability, or because they are perceived by another to have a disability.

125. PLAINTIFF alleges that Defendants used violence and intimidated PLAINTIFF because of a perceived disability, when Defendants detained PLAINTIFF, took PLAINTIFF to the ground, and beat PLAINTIFF all while PLAINTIFF screamed for help.

126. Defendants used violence and intimidation because they perceived PLAINTIFF's disability, were motivated by it, or because of a bias against it.

127. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered conduct, PLAINTIFF suffered significant emotional distress and physical injuries.

128. COUNTY OF SAN BERNARDINO is vicariously liable for the wrongful acts of Defendants pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.

129. Defendants DOES 6-10 are vicariously liable under California law and the doctrine of *respondeat superior*.

130. Under the provisions of California Civil Code §52(b), Defendants are liable for punitive damages for each violation of Civil Code §51.7, reasonable attorneys' fees and an additional $25,000.00.

131. Accordingly, Defendants are liable to PLAINTIFF for compensatory damages. Plaintiff also seeks attorneys' fees and cost under this claim.

//

//

COMPLAINT FOR DAMAGES

## THIRTEENTH CLAIM FOR RELIEF

### (Violation of Cal. Civil Code § 52.1)

(Against all Defendants)

132. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 118 of this Complaint with the same force and effect as if fully set forth herein.

133. California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

134. On information and belief, Defendants DOE DEPUTIES, while working for the COUNTY and acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against PLAINTIFF, including by shooting him without justification or excuse, and by denying him necessary medical care.

135. When Defendants DOE DEPUTIES shot PLAINTIFF, they interfered with his civil rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

136. On information and belief, Defendants intentionally and spitefully committed the above acts to discourage PLAINTIFF from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which they were fully entitled to enjoy.

137. On information and belief, PLAINTIFF reasonably believed and understood that the violent acts committed by Defendants DOE DEPUTIES, inclusive were intended to discourage them from exercising the above civil rights, to retaliate against them, or invoking such rights, or to prevent them from exercising such rights.

-29-
COMPLAINT FOR DAMAGES

138.   Defendants successfully interfered with the above civil rights of PLAINTIFF.

139.   The conduct of Defendants was a substantial factor in causing PLAINTIFF's harms, losses, injuries, and damages.

140.   COUNTY is vicariously liable for the wrongful acts of Defendants DOE DEPUTIES and DOES 6-10, inclusive pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

141.   Defendants DOES 6-10 are vicariously liable under California law and the doctrine of *respondeat superior*.

142.   The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for PLAINTIFF's rights, justifying an award of exemplary and punitive damages as to Defendants DOE DEPUTIES.

143.   Accordingly, Defendants are liable to PLAINTIFF for compensatory damages.  PLAINTIFF also seeks treble damages, attorney's fees, and costs under this claim.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Gerardo Vasquez requests entry of judgment in his favor and against Defendants COUNTY of San Bernardino, and Does 1-10, inclusive, as follows:

A.   For compensatory damages under federal and state law, in the amount to be proven at trial;

B.   Medical expenses;

C.   Loss of earnings;

D.   For punitive damages against the individual defendants in an amount to be proven at trial;

E.   For statutory damages;

F.   For treble damages pursuant to California Civil Code Sections 52, 52.1;

G.   For interest;

H.   For reasonable attorneys' fees, including litigation expenses;

I.   For costs of suit; and

J.   For such further other relief as the Court may deem just, proper, and appropriate.

DATED:                         LAW OFFICES OF DALE K. GALIPO
                               LAW OFFICES OF JAMES S. TERRELL
                               LAW OFFICES OF SHARON J. BRUNNER


                               By_____/s/ Dale K. Galipo_____
                                  Dale K. Galipo
                                  James S. Terrell
                                  Sharon J. Brunner
                                  Attorneys for Plaintiff
                                  GERARDO VASQUEZ

-31-
COMPLAINT FOR DAMAGES

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED:                                          LAW OFFICES OF DALE K. GALIPO
                                                LAW OFFICES OF JAMES S. TERRELL
                                                LAW OFFICES OF SHARON J. BRUNNER


                                          By_____/s/ Dale K. Galipo_____
                                                Dale K. Galipo
                                                James S. Terrell
                                                Sharon J. Brunner
                                                Attorneys for Plaintiff
                                                GERARDO VASQUEZ

-32-
COMPLAINT FOR DAMAGES